IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–112–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JAMES WAYNE WATSON, | |
| Defendant. | |

On April 13, 2020, Magistrate Judge Timothy J. Cavan entered his Findings and Recommendation regarding Defendant James Wayne Watson's motion to suppress. (Doc. 93.) Judge Cavan previously held a hearing on the motion. (*See* Doc. 87.) Judge Cavan recommended that the Court grant Watson's motion in part and deny it in part.

Objections were due April 27, 2020. Neither party objected to the Findings and Recommendation, and so the right to de novo review of the record has been waived. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

1

Judge Cavan recommended the Court deny Watson's motion to suppress as to Watson's claims that the Fourth Amendment was violated by: (1) his seizure; and (2) the search of his cell phone.   He recommended that the Court grant the motion as to Watson's claim that his Fourth Amendment rights were violated by the search of his vehicle.

The Court finds no clear error in Judge Cavan's recommendation to deny the motion in part.  Watson was not seized prior to his arrest, *United States v. Hernandez*, 27 F.3d 1403, 1406 (9th Cir. 1994), and his arrest was supported by probable cause, *Maryland v. Pringle*, 540 U.S. 366, 371 (2003).  His phone was searched pursuant to a valid warrant (Doc. 93 at 29–30), and the searching officers relied upon that warrant in good faith, *United States v. Leon*, 468 U.S. 897 (1984).

Nor does the Court find that Judge Cavan clearly erred in recommending that the motion be granted in part.  Watson was secured at the time of the search, and the offense for which he was arrested—violation of a temporary restraining order—was unlikely to be substantiated by evidence found in the vehicle. *Arizona v. Gant*, 556 U.S. 332, 343 (2009).

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 93) is GRANTED in part and DENIED in part, as outlined above.

DATED this 29th day of April, 2020.

Dana L. Christensen, District Judge
United States District Court